UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**Q LINK WIRELESS, LLC**,

    Plaintiff,

    v.

**T-MOBILE USA, INC.,**

    Defendant.

Case No. 25-cv-02042-JWB-RES

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant T-Mobile USA, Inc.'s Unopposed Motion to Seal. ECF No. 54. For the reasons set forth below, the Motion is denied without prejudice.

### I. LEGAL STANDARD

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978); *Lanphere & Urbaniak v. Colo.*, 21 F.3d 1508, 1511 (10th Cir. 1994)). "This right, however, is not absolute. The 'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Id*. (quoting *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988)).

"The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Id.*; *see also Ad Astra Recovery Servs., Inc. v. Heath,* No. 18-1145-JWB, 2020 WL 6742787, at *1 (D. Kan. Nov. 17, 2020) ("The party seeking to seal the documents must articulate 'a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" (quoting

*Williams v. FedEx Corp. Servs*., 849 F.3d 889, 905 (10th Cir. 2017))). "[T]he public's interest in access to judicial records is lessened when the contents are not used to determine the litigant's substantive legal rights." *Deherrera v. Decker Truck Line, Inc*., 820 F.3d 1147, 1162 n.8 (10th Cir. 2016) (internal citations omitted); *accord Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) ("'[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.'" (quoting *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 121 (2d Cir. 2006))). Even if a motion to seal is unopposed, the Court independently decides if sealing is appropriate. *See McWilliams v. Dinapoli*, 40 F. 4th 1118, 1131 (10th Cir. 2022) ("But the right of access protects the public, not just the parties. So we independently decide whether sealing is appropriate even when no party objects.").

Under D. Kan. Rule 5.4.2(c), a motion to seal must include: (1) a description of the specific portions of the document, which must be narrowly tailored to the asserted confidentiality interest; (2) the confidentiality interest to be protected and why such interest outweighs the presumption of public access; (3) a clearly defined and serious injury that would result in the absence of restricting public access; (4) why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question; and (5) the extent to which the motion is opposed or unopposed. *See also Bad Rhino Games, LLC v. Turn Me Up Games, Inc.*, No. 23-2303-JWB, 2024 WL 5008619, at *1 (D. Kan. Dec. 5, 2024) (analyzing a motion to seal pursuant to D. Kan. R. 5.4.2, stating that the Tenth Circuit standards for filing information under seal are "incorporated into this court's rules"); *Uhlig LLC v. CoreLogic, Inc.*, No. 21-2543-DDC, 2024 WL 1703557, at *1 (D. Kan. Apr. 19, 2024) ("The party seeking to deny public access also must comply with our local rule.").

## II.     DISCUSSION

Defendant requests to seal ECF Nos. 40 and 41, which are exhibits Defendant filed in support of its Motion to Dismiss, ECF No. 38.  Defendant also requests to seal ECF Nos. 44-46, which are documents Defendant filed as exhibits to its counterclaims, ECF No. 43.  In its Memorandum in Support of the Motion, rather than specifically addressing each document individually, Defendant argues that all of these documents contain sensitive, confidential and proprietary information, including pricing information and confidential terms.  ECF No. 55 at 2.  The Court addresses each document in turn.

### A.     ECF No. 40

ECF No. 40 is an 85-page Private Label Services Agreement ("PLSA") between Plaintiff and Sprint, which is now Defendant T-Mobile, that has an effective date of March 7, 2012.[1]  ECF No. 40 also includes several attachments relating to the PLSA, including pages listing the per-minute rates for certain international toll charges.  Rather than indicating what specific portions of the document should remain under seal and how these portions are tied to the asserted confidentiality interest, Defendant asks for the document to be sealed in its "entirety[.]"  ECF No. 55 at 4.  Defendant states that this document needs to remain under seal "due to the sensitive confidential and proprietary information contained within, including pricing information and

---

[1] At the beginning of this litigation, Plaintiff Q Link inadvertently filed a copy of the PLSA as an attachment to its complaint.  ECF No. 1-3.  Upon realizing this inadvertent filing, Plaintiff filed a Motion for Order to Remove Exhibits Filed in Error.  ECF No. 3.  While the Court did not strike these exhibits from the record, the Court directed that these inadvertently filed exhibits be maintained under seal temporarily, pending a renewed motion to file these documents under seal.  ECF No. 4.
On February 5, 2025, Plaintiff filed an amended complaint that no longer attached these exhibits.  ECF No. 9.  Ultimately, because the documents were inadvertently filed and because Plaintiff no longer sought to file these documents as part of the amended complaint, the Court allowed these documents to remain under seal.  ECF No. 13.

confidential terms." *Id*. at 2.

While it is possible that a contract from 2012 could contain some confidential and proprietary information, including relevant pricing information, Defendant has failed to meet its burden of establishing that the entire document must remain under seal. *See, e.g., Bad Rhino Games, LLC*, 2024 WL 5008619, at *1 ("Bad Rhino asserts that the publishing agreement contains confidential and proprietary product development information. While the court agrees that some provisions of the agreement may include such information, that does not mean that the entire agreement should be sealed. Therefore, the motion to seal this exhibit is denied without prejudice."). The Court does not find that sealing "the entirety" of this document is narrowly tailored, as required by D. Kan. Rule 5.4.2(c), to protect Defendant's asserted confidentiality interest. *See Kesters Merch. Display, Int'l, Inc. v. SurfaceQuest, Inc.*, No. 21-CV-2300-EFM, 2024 WL 757144, at *3 (D. Kan. Feb. 23, 2024) ("[T]he Court notes that Plaintiff's general reference to this information within 14 exhibits does not meet D. Kan. Rule 5.4.2(c)'s requirement of a 'description of the specific portions of the document' wherein each confidentiality interest lies.'"). This weighs against allowing the entire PLSA to remain under seal.

Defendant states that its interest in maintaining the confidentiality of the PLSA outweighs the presumption of public access. ECF No. 55 at 4. Defendant points to the PLSA's confidentiality clause, arguing that the parties intended for the agreement to remain confidential. Judges in this District, however, have found that the treatment of a document as confidential by the parties is insufficient to establish that the entire agreement should be sealed.[2]

---

[2] *See, e.g., Uhlig LLC v. PropLogix, LLC*, No. CV 22-2475-KHV, 2024 WL 2091490, at *1 n.1 (D. Kan. May 9, 2024) (denying a motion to seal despite a party maintaining a document "as confidential during the ordinary course of its business" and stating that the "individual business practices of defendant's clients do not present a countervailing interest which is sufficient to overcome the presumption of public access."); *Kesters Merch. Display, Int'l, Inc.*, 2024 WL

Moreover, the PLSA is central to the parties' dispute. For example, Plaintiff's third cause of action is a breach of this contract. ECF No. 9 at 9. The public's interest in accessing a document is greater where a document is central to the Court's adjudication of the case. *See Colony Ins. Co.*, 698 F.3d at 1241 ("However, we are not convinced, in this particular case, that the parties' interests in keeping the terms of their agreements confidential outweighs the public interest in access, particularly in light of the centrality of these documents to the adjudication of this case"); *see also Chadwell v. United States*, No. 20-1372-JWB, 2024 WL 4298677, at *1-2 (D. Kan. Sept. 26, 2024) ("Further, these medical records are central to the claims. In such cases, this court has denied motions to seal. . . . Plaintiff has put Earl's medical conditions at issue in this case and the public has an interest in information the court utilizes in resolving the motions at issue.").

Ultimately, Defendant has not explained why disclosure of information from a 2012 agreement would result in a clearly defined and serious injury today that would outweigh the public's right of access to judicial records. Defendant argues that public disclosure of the contractual terms contained in the Agreement "could potentially hinder T-Mobile's ability to negotiate similar contracts with existing and future customers, as well as permit competitors to leverage Documents 40-41, 44-46 to obtain similar pricing rates." ECF No. 55 at 6. While it might be possible to make that showing, Defendant's conclusory allegations about the

---

757144, at *2 ("The fact that information is designated 'confidential' is not sufficient to overcome the presumption of access. Defendant has not come forward with any other reason as to why it is required to keep these names confidential, and thus the Court must deny its request to seal the information."); *Roberts v. TransAm Trucking, Inc.*, No. 21-2073-JWB, 2022 WL 17039198, at *1 (D. Kan. Nov. 17, 2022) (denying a motion to seal despite a party arguing that the documents "have been maintained in a confidential manner" and were designated as confidential pursuant to the protective order); *Laber v. United States Dep't of Def.*, No. 18-1351-JWB, 2022 WL 1773307, at *2 (D. Kan. June 1, 2022) (denying a motion to seal a document that was designated confidential pursuant to a protective order because the movant failed to "identify 'a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process.'" (quoting *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir. 2017))).

5

competitively sensitive nature of a decade-old contract involving Sprint, a company that that no longer exists following its merger with T-Mobile, does not meet its burden. *See Uhlig LLC*, 2024 WL 2091490, at *1 (denying a motion to seal and stating that "based on the historical nature of the information—which refers to transactions and sales in 2019, 2020 and 2022—defendant's fear that a competitor could exploit such information is speculative.").

Defendant states that several courts of persuasive authority have granted motions to seal in similar circumstances. ECF No. 55 at 6. The cases cited by Defendant, however, do not support Defendant's request to file entire documents under seal because these cases largely involved requests to publicly file redacted documents, which is not what Defendant requests here.[3] Again, while it may be possible for Defendant to meet its burden to justify redactions of certain limited information from the PLSA, neither these cases nor Defendant's Motion establish a basis for filing this entire agreement under seal.

Finally, consistent with D. Kan. Rule 5.4.2(c), Defendant argues that no lesser alternative is practicable because "[a]ll exhibits contain confidential business terms […] including proprietary terms and pricing information—such as rates for service usage charges, platform fees price plans, dormancy fees, long distance SMS rates, international long distance rates, and others. These confidential business terms are contained throughout each document, such that redaction is not a

---

[3] *See, e.g., BTL Indus., Inc. v. JV Med. Supplies, Inc.*, No. 1:22-cv-02216-TWP-KMB, 2023 WL 7475893, at *3 (S.D. Ind. Oct. 3, 2023) ("BTL has [ . . . ] provided minimally redacted versions of the filings at issue"); *Benton Cnty. Wind Farm LLC v. Duke Energy Indiana, Inc.*, No. 1:13-cv-01984-SEB-TAB, 2015 WL 12559884, at *1 (S.D. Ind. Aug. 26, 2015) ("We find that the parties have demonstrated that pricing information in the PPA and Duke's bids to MISO are, in fact, trade secrets and warrant protection from public view *through redactions*[.]" (emphasis added)); *DSS A.S. v. Pacem Def. LLC*, No. 1:24-CV-1331 (MSN/LRV), 2025 WL 908040, at *2 (E.D. Va. Jan. 28, 2025) ([T]he Court finds that the parties' proposals to redact only the proprietary and confidential information, rather than seal the entirety of the documents, constitutes the least drastic method of shielding the information at issue." (quotations omitted)).

reasonable alternative." ECF No. 55 at 4. Again, assuming that the fees and service rates from more than a decade ago are still competitively sensitive, such information can be reasonably redacted without the need to seal the entire document.

For the reasons stated above, the Motion is denied insofar as it requests that ECF No. 40 remain under seal in its entirety. On or before **June 6, 2025**, Defendant may file a renewed motion seeking to file a redacted version of the PLSA in the public record. Any such motion must be more detailed than the current Motion and must provide sufficient justification for the proposed redactions.

### B. ECF No. 41

ECF No. 41 is a one-page Mutual Termination Agreement of the PLSA that appears to have been executed by the parties on or about October 13, 2021. Rather than address why this specific document must remain under seal, Defendant groups this with the other documents at issue in the Motion. *See, e.g.,* ECF No. 55 at 5-6 ("Documents 40–41, 44–46 contain confidential and proprietary information regarding pricing and terms privately negotiated by T-Mobile and Q Link. Public disclosure of these terms could potentially hinder T-Mobile's ability to negotiate similar contracts with existing and future customers, as well as permit competitors to leverage Documents 40–41, 44–46 to obtain similar pricing rates."). But while ECF No. 41 contains one paragraph regarding the terms that will trigger the termination of the PLSA, there is no pricing information of any kind in this document.

Defendant does not specifically address its confidentiality interest in this one-page Agreement, why that interest outweighs the presumption of public access, what clearly defined and serious injury could result in the disclosure of this single page, and why this Agreement could not be redacted to address any such confidentiality interest. For many of the same reasons

7

applicable to the PLSA, the Motion is denied insofar as it relates to this document. As outlined above, Defendant may file a renewed motion seeking to file a redacted version of this Agreement on or before **June 6, 2025**.

### C. ECF Nos. 44-45

ECF No. 44 is a Wireless Wholesale Master Services Agreement ("WWMSA") and ECF No. 45 is an Amendment to the WWMSA ("Amended WWMSA"). Defendant states that both documents contain "sensitive confidential and proprietary information, including pricing information and confidential terms." ECF No. 55 at 2. Unlike the previous documents, which were exhibits in support of Defendant's motion to dismiss, Defendant voluntarily attached these two documents to its counterclaims. Defendant could have quoted from these documents or attached excerpts from these documents, but instead chose to file these documents in their entirety. *See* D. Kan. Rule 5.1(e) (prohibiting the filing of bulky or voluminous materials in their entirety).

The WWMSA and Amended WWMSA appear central to Defendant's counterclaims against Plaintiff, which weighs in favor of public access. *See Colony Ins. Co.*, 698 F.3d at 1241 (denying a motion to seal settlement agreements when "[t]he parties themselves placed these settlements at the center of this controversy" including through a counterclaim). Defendant's counterclaims quote extensively from these documents, underscoring that not all aspects of these documents must be maintained under seal.

Again, for the same reasons detailed above, the Court finds that Defendant has failed to meet its burden to file these entire documents under seal and Defendant's Motion to allow these documents to remain under seal is denied. On or before **June 6, 2025**, Defendant may file a renewed motion to seal seeking to file redacted versions of these documents.

**D.     ECF No. 46**

Just as with ECF Nos. 44 and 45, Defendant voluntarily attached ECF No. 46 as an exhibit to its counterclaims.  ECF No. 46 contains 34-pages of invoices issued from Defendant to Plaintiff for services.  Defendant's counterclaims allege, in part, a failure by Plaintiff to pay these specific invoices, which again indicates that these invoices will be central to Defendant's counterclaims. *See generally* ECF No. 43.  In addition, Defendant has expressly and publicly included in its counterclaims the exact amounts it claims are due pursuant to these invoices, down to the penny. *See, e.g., id.* at 4 ("Q Link owes T-Mobile $48,891,635.75 for the Unpaid Services Invoices . . . ."); *id.* at 5 (seeking "the resulting $175,402,924.47 remains due and owing," citing to the Early Termination Charge in the filed invoice).  These amounts appear to be, at least in part, included in the invoices Defendant asks to remain under seal.  *See, e.g.,* ECF No. 46 at 35 (listing a subtotal amount of $175,402,924.47).

Rather than discussing the invoices individually, Defendant generically groups the invoices with the other documents it seeks to seal.  While these invoices may contain current pricing information, Defendant does not specifically allege why the entirety of these documents must be sealed, particularly in light of Defendant's decision to disclose some of the totals contained in these invoices and the centrality of these invoices to Defendant's counterclaims.

Again, for the same reasons detailed above, the Court finds that Defendant has failed to meet its burden to file all of these invoices under seal and Defendant's Motion to allow ECF No. 46 to remain under seal is denied.  On or before **June 6, 2025**, Defendant may file a renewed motion to seal seeking to file a redacted version of this document.

**IT IS THEREFORE ORDERED** that Defendant's Motion requesting that ECF Nos. 40, 41, and 44-46 remain under seal is **DENIED** without prejudice.  On or before **June 6, 2025**,

Defendant may file a renewed motion to redact consistent with D. Kan. Rule 5.4.2. Any such motion must be detailed and provide sufficient justification for all redactions requested by Defendant.

The Clerk's Office is to allow ECF Nos. 40, 41, and 44-46 to remain under seal for the time being. If Defendant does not file a renewed motion on or before June 6, 2025, the Court will direct the Clerk's Office to unseal these documents.

**IT IS SO ORDERED.**

Dated: May 30, 2025, at Topeka, Kansas.

/s/ Rachel E. Schwartz  
Rachel E. Schwartz  
United States Magistrate Judge
